|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| JARROD GORDON, | ) Case No.: 1:18-cv-01223-DAD-SAB (PC) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AS TO DEFENDANT GIBSON |
| SHELIA MARQUEZ, et al., | ) [ECF No. 29] |
| Defendants. | ) |

Plaintiff Jarrod Gordon is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for entry of default as to Defendant Gibson, filed February 19, 2019. Plaintiff contends that despite service by the United States Marshal, Defendant Gibson has not filed any type of response and is therefore in default.

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of the Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

///

///

///

1

1     Plaintiff is mistaken; Defendant Gibson has not yet been served with process, and therefore
2 cannot be in default. See, e.g., Joe Hand Promotions, Inc. v. Talayarathe, No. 11-2554-SC, 2012 WL
3 1815622, at *2-3 (N.D. Cal. May 17, 2017) ("Because a party has no duty to plead until properly
4 served, sufficient service of process is a prerequisite to entry of default.") (citing Fisher v. Lynch, 531
5 F.Supp.2d 1253, 1269 n.12 (D. Kan. 2008). To date, the Court has not received notice that Defendant
6 Gibson was served or that service by the Marshal was unsuccessful. Accordingly, Plaintiff's motion
7 for entry of default is denied.

9 IT IS SO ORDERED.

10 Dated:   **February 21, 2019**
11                                                 UNITED STATES MAGISTRATE JUDGE