UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD GORDON,<br><br>    Plaintiff,<br><br>v.<br><br>SHELIA MARQUEZ, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-01223-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, WITHOUT PREJUDICE, AS PREMATURE<br><br>[ECF No. 31] |

Plaintiff Jarrod Gordon is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for summary judgment, filed February 21, 2019. Although the time to file an opposition has not yet expired, the Court finds no response necessary because Plaintiff's motion must be denied as premature.

**I.**

**DISCUSSION**

This action is proceeding against Defendants Marquez, Gipson, Yang and Westcare for denial of free exercise and equal protection, and against Defendant Marquez for retaliation.

On February 7, 2019, Defendants Westcare and Key Yang filed an answer to the complaint.

///

1

Defendants Marquez and Gipson have not yet filed an answer, and the time to do so has not yet expired. On March 4, 2019, the Court set this case for a settlement conference to be held at California State Prison-Corcoran on May 10, 2019, before Magistrate Judge Barbara A. McAuliffe. (ECF No. 34.)

In the instant motion, Plaintiff seeks summary judgment on the merits of his claims against Defendants. Plaintiff's motion for summary judgment is premature pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56. Here, Defendants are entitled to an opportunity to pursue discovery before responding to a summary judgment motion. In this instance, all Defendants have not yet filed an answer, no discovery order has been issued, and the case is currently set for a settlement conference on May 10, 2019. Accordingly, Plaintiff's motion for summary judgment should be denied as premature. However, nothing prevents Plaintiff from filing a future motion for summary judgment that incorporates all relevant materials obtained after the period set for the completion of all discovery as contemplated by Rule 56. See, e.g., Moore v. Hubbard, No. CIV S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for summary judgment be denied as premature); see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003) (noting that when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," the district court should grant requests by non-movants to take discovery prior to considering the motion for summary judgment).

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment be denied, without prejudice, as premature.

///

///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 4, 2019**

UNITED STATES MAGISTRATE JUDGE